UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLEN BOUDREAUX, | No. 2:14-cv-00720-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| J.B. HUNT TRANSPORTATION, INC.; and DOES 1 through 25, inclusive, | |
| Defendant. | |

   This matter is before the court on defendant J.B. Hunt Transport, Inc.'s request to seal plaintiff's medical records (Exhibit D) submitted with its motion for summary judgment. ECF No. 11.  Defendant argues the documents may be protected in their entirety by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *Id*.  Accordingly, disclosure and/or dissemination of these documents on the public record would potentially violate HIPAA. *Id*.  Defendant attempted to reach plaintiff to determine his position, without success.  ECF No. 11-1.  In plaintiff's opposition to summary judgment, plaintiff does not respond to the request for sealing. ECF No. 15.

   The Local Rules of the Eastern District of California provide that "[d]ocuments may be sealed only by written order of the Court."  L.R. 141(a).  A request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or

1

category, of persons to be permitted access to the documents, and all other relevant information." *Id*. 141(b).

There is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. *See Phillips*, 307 F.3d 1206; *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1172; *In re Midland Nat'l Life Ins. Co*., 686 F.3d 1115, 1119 (9th Cir. 2012). Because defendant seeks sealing of a document submitted with a summary judgment motion, the "compelling reasons" standard applies: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations, quotation marks, and emphasis omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communs., Inc*., 435 U.S. 589, 589 (1978)).

The court has reviewed the request and finds defendant does not show sufficient compelling reason for its sealing. The exhibit restates information available in defendant's separate statement of undisputed facts submitted with its motion and available on the public docket. ECF No. 12. The exhibit comprises completed forms related to plaintiff's work injury, a significant aspect of his claims; it does not consist of plaintiff's complete medical record, or even individual pages from a comprehensive medical file. To seal the exhibit would effectively seal the entire case, as plaintiff's work-related injury gives rise to the subject of the litigation. *Cf.*

2

*Jones v. Colorado Cas. Ins. Co.*, No. CV-12-01968-PHX-JAT, 2014 WL 6801749, at *2 (D. Ariz. Dec. 3, 2014) (where case centered on plaintiff's medical condition "and various medical examiners' opinion of it, to allow all materials containing Plaintiff's medical information to be filed under seal would effectively seal the entire case, and . . . infringe too extensively on the public right to access court records").

The motion to seal the documents is DENIED. The Clerk of the Court is directed to file on the public docket the documents submitted by defendant in connection with its sealing request, as Exhibit D to the motion for summary judgment filed at ECF No. 10.

DATED: March 18, 2015.

UNITED STATES DISTRICT JUDGE